UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 15 CR 379-3 |
| ) | Hon. Gary Feinerman |
| LARRY COLLINS, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO WITHDRAW GUILTY PLEA**

Now comes the Defendant, Larry Collins, by his attorney Mark H. Kusatzky and moves this Court pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B) to withdraw his guilty plea. He is moving to withdraw the plea because the Government just discovered that the recorded intercepted communications from Mr. Collins telephone were left unsealed for four years, clearly much too long to qualify as an immediate sealing as required under the Code. This information was not available until after he had entered into a plea agreement.  For Mr. Collins to receive this knowledge until after the plea agreement vitiates his understanding of the case against him which negates his waiver of his Constitutional rights.

Like the conversations omitted from Target Phones 9 and 11 that were not properly sealed, where the Government has agreed not to use that evidence

1

because of the improper sealing, Target Phone 5 conversations should also be suppressed.

In support thereof, he states as follows

1. A defendant may be allowed to withdraw his guilty plea after the court accepts it but before he is sentenced. Fed. R.Crim.Pro. 11(d)(2)(B). It is up to the discretion of the district judge to allow the withdrawal. There must be a fair and just reason to withdraw it. Fed. R.Crim.Pro. 11(d) (2) (B). An appropriate ground to withdraw a plea includes the defendant's actual or legal innocence. *U.S. v. Reed,* 859 F.3d 468 (7th Cir. 2017).

2. Mr. Collins has a claim of legal innocence because without Target Phone 5 the Government's evidence against him would substantially change. As Target Phones 9 and 11 conversations were eliminated from evidence as the conversations were improperly recorded and the Government indicated that it will not be using the conversations from those recordings. With three Target Phones eliminated, Mr. Collins cannot enter a guilty plea knowingly and voluntarily if he does not know what evidence the Government seeks to introduce against him especially since the factual basis for the plea is based on activities from telephone conversations.

3. Mr. Collins was charged with conspiracy to knowingly and intentionally possess with intent to distribute and to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance in violation of Title 21 United States Code, Sections

841(a)(1) and 846, in Count One; distribution of 100 grams or more of heroin, in violation of Title 21, United States Code, Section 841(a)(1), in Counts 12, 16, and 19; and possession of a firearm in furtherance of a drug trafficking offense, in violation of Title 18 United States Code, Section 924(c), in Count 20.

    4. On September 28, 2018, Mr. Collins entered in to a plea agreement with the Government to plead guilty to Count 1, conspiracy to knowingly and intentionally possess with intent to distribute and to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance in violation of Title 21 United States Code, Sections 841(a)(1) and 846; and Count 20, possession of a firearm in furtherance of a drug trafficking offense, in violation of Title 18 United States Code, Section 924(c). He also agreed to the entry of a forfeiture judgment.

    5. That Federal Rule of Criminal Procedure Rule 11 (b) (3) requires that this Court determine that there is a factual basis for the Guilty Plea.

    6. That the Factual Basis in the Plea Agreement avers that on January 2, 2015, Mr. Collins and others engaged in a series of telephone calls wherein Mr. Collins arranged for others to package heroin for a drug trafficking organization. (Plea Ag. 5)

    7. That the Factual Basis in the Plea Agreement further avers that on March 25, 2015, Mr. Collins and others engaged in a series of telephone calls in which Mr. Collins agree to package heroin for a drug trafficking organization. (Plea Ag. 6)

8. That the Factual Basis in the Plea Agreement further avers that on April 29 and April 30, 2015, Mr. Collins and others engaged in a series of telephone calls during which Mr. Collins agreed to package heroin for a drug trafficking organization. (Plea Ag. 6)

9. That the January 2, 2015, series of telephone calls indicated in the plea agreement were conversations recorded pursuant to a wiretap authorized by Judge Ruben Castillo, on December 15, 2014 pursuant to Title III of the Omnibus Crime Control and Safe Streets Act for Mr. Collins telephone: telephone number 773-639-9607. The government labeled that Target Phone 5 and the authorization for the wiretap was for 30 days.   That further extensions of this initial application were made on January, 2015, February, 2015, and March, 2015 for the other conversations in the plea agreement.

10. That all those extensions and recordings on Target Phone 5 have been left unsealed. In general there is no interception of oral and wire communication unless the exceptions in the Act are followed. That the purpose of 18 U.S.C.§2518 "was effectively to prohibit, on the pain of criminal and civil penalties, all interceptions of oral and wire communications, except those specifically provided for in the Act. *United States v. Giordano*, 416 U.S. 505, 514 (1974).

11. That applications under 18 U.S.C. §2518 must give, *inter alia,* "a full and complete statement of the facts and circumstances relied upon by the applicant . . ." plus "a full and complete statement as to whether or not other

4

investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. §2518(b) (c). Therefore, the applications must be detailed about why it is necessary to engage the interceptions.

12. Once the application passes muster and is allowed, "[T]he recording of the contents of any wire, oral, or electronic communication under this subsection shall be done in such a way as will protect the recording from editing or other alterations." 18 U.S.C. §2518(8) (a).

13. "Immediately upon the expiration of the period of the order, or extension thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions." *Id.* The purpose of this sealing requirement "is to ensure the reliability and integrity of evidence obtained by means of electronic surveillance." *United States v. Ojeda Rios,* 495 U.S. 257, 263 (1990). The Supreme Court has held that this provision applies to a complete failure to seal as well as to a delay in sealing. *Id.* at 264.

14. [T]he seal is a means of ensuring that subsequent to its placement on a tape, the Government has no opportunity to tamper with, alter, or edit the conversations that have been recorded." *Id.* at 263.

15. The Seventh Circuit has held that it applies "the immediacy requirement strictly." *United States v. Martin*, 618 F.3d 705 (7th Cir. 2010). The term "[i]mmediately" means that the tapes should be sealed either as soon as practical after the surveillance ends or as soon as practical after the final

5

extension order expires.' " *United States v. Coney,* 407 F. 3d 871, 873 (7th Cir. 2005) quoting *United States v. Williams,* 124 F.3d 411, 429 (3rd Cir. 1997).

16. Mr. Collins challenges the integrity of the sealed discs themselves. Target Phone 5 was left unsealed. The Government has already agreed to not use the portions that were not sealed from Target Phone 9 and 11 because those were not properly sealed.

17. Unlike Target Phone 9, where, in a Motion, the Government clearly explained the date it was authorized to intercept communications, when the interception began and ended, and when the disc was sealed, Target Phone 5 was left unsealed. Government's Opposition to Suppress Title III Wiretap Evidence for Levaughn Collins, filed 10-12-2017, page 3. It noted that Target Phone 9 was sealed "pursuant to routine procedure" but some calls were left off the recording. Unfortunately, that routine procedure was not utilized in Mr. Collin's case for Target Phone 5. Government's Opposition to Suppress Title III Wiretap Evidence for Levaughn Collins, filed 10-12-2017, page 3.

18. If the recordings are not sealed there must be a satisfactory explanation. 18 U.S.C. 2518(8) (a). There are factors a Court must consider when determining a satisfactory reason and a four year delay is too long.

19. The Government may offer an explanation for the delay or omission of sealing. It must offer the district court reasons to dispel any reasonable suspicion of tampering. *United States v. Coney,* 407 F.3d at 875. Factors that the court must take into consideration:

6

    1. The length of the delay in sealing;
    2. The believability of the explanation;
    3. The nature of the crime along with the notoriety of the defendant.
    4. The importance of the recordings to the Government's case.

*Id.* at 875.

20. A four year delay in sealing the documents was egregiously long. The Seventh Circuit has found a 32 day delay too long. *United State v. Jackson, et. al.,* 207 F.3d 910 (7th Cir. 2000). There can be no satisfactory explanation for the delay. Indeed, the Government knew two years ago, in a letter to all counsel that two target phones intercepted recordings were missing weeks of recordings. The Government did not check that all other recorded conversations were properly sealed and had complete recordings. Under the Code, the interception of all recordings from Target Phone 5 should therefore be excluded from admissible evidence against him. 18 U.S.C. §2515.

21. Under *Coney* the nature of the crime and notoriety of the defendant are also factors to consider. *United States v. Coney,* 407 F.3d at 875. This is an indictment of what the Government believes was a west side drug trafficking organization. The "largest open-air drug market" in Chicago. This is an important case for the Government to secure a conviction. And obviously, the recordings are an important part of its case as it secured applications for over a score of telephones to gather evidence.

22. The last factor under *Coney,* the Court should consider is the importance of the recordings to the Government's case. The more necessary to

7

obtain a conviction, the more suspicious the court should be about the Government's explanation. *Id.* at 875. Certainly, in the Application for the Order of Interception of the communications, the Government believed the recordings would show that 19 persons were involved in the conspiracy to distribute controlled substances and using a communication facility in committing those offenses.  Title III Application for an Order authorizing the Interception of Wire and Electronic Communications: and Other Relief Concerning Target Phones 5 filed by Assistant United State Attorney Katherine A. Sawyer, on December 15, 2014, sections 4(a) and 5, pages 4-5.

     23. Furthermore, Section 2515 provides that no part of the contents of any wire or oral communication, and no <u>evidence derived therefrom,</u> may be received at certain proceedings, including trials, "if the disclosure of that information would be in violation of this chapter." *United States v. Giordano,* 416 U.S. 505 (1974). (*emphasis* added) What disclosures are forbidden, and are subject to motions to suppress, is in turn governed by § 2518(10) (a), which provides for suppression of evidence on the following grounds:

(i) the communication was unlawfully intercepted;
(ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or

(iii) the interception was not made in conformity with the order of authorization or approval."[13]

 Id. at 524-525.

24. Additionally, Target Phone 5 "calls lead directly to the wire application for Target Phones 8 and 9, which led to the application for Target Phone 12." Defendant Levaughn Collins; Second Motion to Suppress Title III Wiretap Evidence, filed 11-5-18, page 3.

25. Larry Collins adopts Defendant Levaughn Collins Second Motion to Suppress Title III Wiretap Evidence, filed 11-5-2018, in its entirety.

26. As the Government's case is not known because of the failure to seal Target Phone 5 and the evidence derived from it for further Target Phones, the evidence the Government will be able to present against Mr. Collins is unknown. The Government's case is unknown because a large amount of evidence might be suppressed as evidence derived from Target Phone 5.

27. Mr. Collins, cannot at this time, make a knowing and voluntary waiver of his Constitutional rights in order to plead guilty when so much of the evidence of Government's case may be suppressed.

28. Therefore, Mr. Collins respectfully requests to withdraw his guilty plea at this time and be allowed further consideration of the Government's case against him in order for him to make a decision as to whether he can make a knowing and voluntary waiver of this Constitutional rights.

WHEREFORE, the defendant Larry Collins, through his attorney, respectfully request that this Court allow him to withdraw his guilty plea.

Respectfully submitted,

/s/ Mark H. Kusatzky

Law Offices of Mark H. Kusatzky
181 Waukegan Road, Suite 306
Northfield, Illinois 60093
(847) 441-9050
Mkusatzky@sbcglobal.net