UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | 15 CR 379-3 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| LARRY COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

### Memorandum Opinion and Order

A grand jury charged Larry Collins and several others with various drug-related crimes. Doc. 160. After the case was reassigned to the undersigned judge's calendar, Doc. 512, a trial date of October 22, 2018 was set, Doc. 520. Three weeks before trial, Collins pleaded guilty pursuant to a plea agreement in which he admitted facts establishing that he engaged in a conspiracy to knowingly and intentionally possess with the intent to distribute one kilogram or more of heroin, 21 U.S.C. §§ 841(a)(1), 846, and that he possessed a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c). Docs. 574-575. The plea agreement required Collins to cooperate with the Government and allowed for the possibility of a significant U.S.S.G. § 5K1.1 departure. Doc. 575 at ¶¶ 10-13.

Just over a week later, the trial date was stricken after the Government disclosed that recordings of intercepted communications from Target Phone 5, one of the phones on which it had placed a Title III wiretap, had not been timely sealed pursuant to 18 U.S.C. § 2518(8)(a). Doc. 581; Doc. 609 at 2. The Government's disclosure led a defendant who had not pleaded guilty to move under 18 U.S.C. § 2518(10)(a) to suppress the calls recorded on Target Phone 5 as well as other evidence allegedly related to those calls. Doc. 599. For his part, Collins moved

1

to withdraw his guilty plea on the ground that he would not have pleaded guilty had he known that the calls recorded on Target Phone 5 and other evidence could be subject to a suppression motion. Doc. 603. (Collins initially filed a *pro se* motion to withdraw his guilty plea, Doc. 596, but in a colloquy with the court he agreed to withdraw that motion in favor of the present counseled motion and affirmed that there was nothing in his *pro se* motion that he wished the court to consider alongside the counseled motion, Doc. 610.)

Criminal Rule 11(d)(2)(B) provides that a defendant "may withdraw a plea of guilty … after the court accepts the plea, but before it imposes sentence[,] if: … the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "Whether to allow withdrawal is left to the sound discretion of the district court, and reversals are rare." *United States v. Reed*, 859 F.3d 468, 471 (7th Cir. 2017) (internal quotation marks omitted). "Appropriate grounds to withdraw a plea include the defendant's actual or legal innocence, or the involuntary or unknowing nature of the plea." *Ibid*.

Collins contends that the submission underlying his motion—that he would not have pleaded guilty had he known that certain inculpatory evidence might eventually be suppressed—presents "a claim of legal innocence" under Rule 11(d)(2)(B). Doc. 603 at 2. Collins is incorrect. Legal innocence describes the situation where the conduct to which the defendant admitted in a plea agreement does not establish that he was guilty of the crime to which he pleaded guilty. *See*, *e.g.*, *United States v. Gomez-Orozco*, 188 F.3d 422, 425-26 (7th Cir. 1999) (holding that the defendant's submission that he could not be guilty of illegal reentry because his father was a United States citizen and married to his mother at common law at the time of his birth presented a claim of legal innocence); *United States v. Groll*, 992 F.2d 755, 758-59 (7th Cir. 1993) (same, where the defendant raised an entrapment defense to the crime to which she

had pleaded guilty). By contrast, as the Seventh Circuit recently explained, a defendant's submission that he would not have pleaded guilty had he known of facts and circumstances that could have grounded a motion to suppress is not a claim of legal innocence:

> A plea can be perfectly voluntary in the face of incomplete information. We have often held that a defendant's lack of knowledge about the evidence that would be offered against him at trial does not constitute a fair and just reason for him to withdraw his plea as long as there is a sound factual basis for the plea. *Similarly, a defendant is not entitled to withdraw his guilty plea simply because he later discovers a weakness in the government's ability to prove its case at trial.* … Such defense strategies … do not involve questions of legal or factual innocence [and t]hey do not undermine the voluntary and knowing nature of the plea when it was offered and accepted.

*United States v. Graf*, 827 F.3d 581, 585-86 (7th Cir. 2016) (emphasis added); *see also United States v. Sanders*, 125 F. App'x 685, 687 (6th Cir. 2005) (cited pursuant to 6th Cir. R. 32.1(a)) ("We find no published precedent for the proposition that a motion to withdraw a guilty plea … can be supported … by the claim that a motion to suppress should have been filed. Moreover, numerous unpublished decisions state the contrary.") (citing, *e.g.*, *United States v. Jones*, 74 F. App'x 664, 668 (7th Cir. 2003)).

Collins also argues that he did not "enter a guilty plea knowingly and voluntarily." Doc. 603 at 2. That argument fails as well. Collins's plea was knowing and voluntary because he attested that he understood the nature of the charges against him and the rights he would give up by pleading guilty; was informed of the minimum and maximum punishments; acknowledged that the plea was voluntary and did not result from force, threats, or promises other than those in the plea agreement; knowingly admitted to conduct establishing his guilt of the heroin conspiracy and firearms charges to which he pleaded guilty; and understood the terms of his deal with the Government. *See* Fed. R. Crim. P. 11(b); *United States v. Jansen*, 884 F.3d 649, 655 (7th Cir. 2018) (explaining that "[b]ecause the defendant's statements at the plea colloquy are

3

presumed to be true, the defendant bears a heavy burden in showing that … a fair and just reason [to withdraw his plea] exists" where he seeks to dispute averments made in connection with the plea) (quoting *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008)).  A plea does not become unknowing or involuntary simply because the defendant might have misapprehended the strength of the case that the Government might present at trial.  *See Graf*, 827 F.3d at 584 ("[W]e have often held that a defendant can offer a knowing and voluntary plea without having received full discovery from the government."); *United States v. Davey*, 550 F.3d 653, 656 (7th Cir. 2008) ("A plea can be perfectly voluntary in the face of incomplete information.").

Because Collins has not presented a valid ground under Rule 11(d)(2)(B) to withdraw his guilty plea, his motion to withdraw the plea is denied.

December 20, 2018                                  _____
                                                                United States District Judge